UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                       )
                                       )
**UNITED STATES OF AMERICA**           )
                                       )
    **v.**                             )    Mag. No. 10-539-M-01 (RCL)
                                       )
**JOHN WESLEY WHEELER,**               )
    **Defendant.**                     )
                                       )
_____)

## **MEMORANDUM AND ORDER**

Before the Court is the United States's Motion for Entry of an Order Staying and Reversing the Ruling of the Magistrate Court Dismissing Charges. Upon consideration of the motion [7], the opposition thereto [10], applicable law, and the entire record, the Court will grant the motion for the reasons stated below.

**I.    BACKGROUND**

On September 17, 2010, defendant John Wesley Wheeler was arrested.[1] That same day, he was taken from the scene of his alleged crime to George Washington University Hospital, where he remained hospitalized until either October 8 or October 9.[2] On October 12, the government filed a Motion for Exclusion of Time Under the Speedy Trial Act [3], arguing that defendant's hospitalization tolled the time in which defendant must be indicted under the Speedy

---

[1] The docket indicates that defendant was arrested on September 20, 2010, but the parties' filings all indicate that he was arrested on September 17.

[2] As the government states in its motion, the Prisoner Coordination Unit of the United States Marshals Service told the government that the defendant was released from the hospital on October 9, but the defendant stated in his motion to dismiss the complaint that he was released on October 8. For purposes of this order, this discrepancy is irrelevant.

1

Trial Act, 18 U.S.C. § 3161(h)(3)(A). This motion was pending for fourteen days,[3] until the Magistrate Judge denied it at an October 25 hearing. On October 20, defendant filed a Motion to Dismiss Complaint [4], arguing that the government failed to indict defendant within the requisite thirty days under 18 U.S.C. § 3161(b), so the charges should be dismissed under 18 U.S.C. § 3162(a)(1). At the October 25 hearing, the Magistrate Judge granted this motion, dismissing the charges in this case and releasing defendant from custody.

Later that day, the government filed the appeal and motion now before the Court. That same day, the Court issued a stay of the Magistrate Judge's order, pending further proceedings of the Court [8]. In this appeal, the government argues that the Magistrate Judge erred by failing to exclude the time during which the government's motion was pending from the time in which the government had to indict the defendant. The government does not challenge the Magistrate Judge's ruling on the merits of the government's Motion for Exclusion of Time Under the Speedy Trial Act, so the Court will not consider that ruling at this time.

## II.     DISCUSSION

The Court reviews the findings of the Magistrate Judge dismissing the complaint *de novo*. 28 U.S.C. § 636(b)(1).

Generally, under the Speedy Trial Act, "Any information or indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was arrested or served with a summons in connection with such charges." 18 U.S.C. § 3161(b). But the Act also provides certain exceptions to this rule, during which time is "excluded in computing the time within which an information or an indictment must be filed" *Id.* § 3161(h). The relevant exclusion here is "delay resulting from any pretrial motion, from the

---

[3] In calculating time under the Speedy Trial Act, one must calculate excluded time by including both the start and end dates of an excluding event, but must begin calculating the time in which to indict a defendant the day after defendant is arrested. *See United States v. Fonseca*, 435 F.3d 369, 372–73 (D.C. Cir. 2006).

filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion." *Id.* § 3161(h)(1)(D).

Under the plain language of the statute, the pendency of the government's motion excludes the time in which the motion was pending from the time in which it must indict defendant. Defendant challenges this conclusion in two respects: (1) the government's motion was not a "pretrial motion" within the meaning of the Speedy Trial Act, and (2) even if this is a "pretrial motion," its disposition was not "prompt" within the meaning of the Act. The Court disagrees with both arguments.

First, defendant argues that this was not a pretrial motion within the meaning of § 3161(h)(1)(D). In support of this argument, he claims that the government's motion was more akin to a pretrial notice than a pretrial motion. He cites to *United States v. Harris*, 491 F.3d 440, 444 (D.C. Cir. 2007) (holding that the government's notice of intent to impeach defendant with his prior convictions pursuant to Federal Rule of Evidence 609 *was not* a "pretrial motion," but defendant's response to that notice requesting that the Court preclude admission of the convictions *was* a "pretrial motion"), and *United States v. Bryant*, 523 F.3d 349, 358–59 (D.C. Cir. 2008) (not deciding whether a filing entitled "Notice of Intention *and Motion* to Admit Evidence of Defendant's Prior Conviction Pursuant to Federal Rule of Evidence 609" was a "pretrial motion" (emphasis added)). The Federal Rules of Criminal Procedure, however, expressly differentiate between "motions" and "notice[s] of the government's intent to use evidence," even though the Rules group them both under the heading "pretrial motions." Fed. R. Crim. P. 12(b)(3)–(4). The D.C. Circuit relied on this distinction in its ruling in *Harris*. 491 F.3d at 444. The speedy trial motion at issue here was properly a "motion," not a "notice." *See United States v. Wilson*, 835 F.2d 1440, 1444 (D.C. Cir. 1987), *abrogated on other grounds by Bloate v.*

3

*United States*, 130 S. Ct. 1345 (2010). A "motion" is generally "an application made to a court or judge for purpose of obtaining a rule or order directing some act to be done in favor of the applicant." *Harris*, 491 F.3d at 444 (quoting Black's Law Dictionary 1013 (6th ed. 1990)). Here, the government expressly asked the Magistrate Judge for an order excluding time. Indeed, the Magistrate Judge's denial of that motion highlights the fact that this was a "motion"; if it were instead a notice, the Magistrate Judge would have had no authority to deny the notice. The Court, therefore, agrees with the government that the government's motion was a "pretrial motion" within the meaning of § 3161(h)(1)(D).

Second, defendant argues that there was no "prompt disposition" of this motion. In support of this argument, he claims that "prompt disposition" means disposition within seven days. The Court disagrees. When a motion does not require a hearing, the speedy trial clock is tolled "only for delay reasonably attributable to any period, *not to exceed thirty days*, during which any proceeding concerning the defendant is actually under advisement by the court." *Bryant*, 523 F.3d at 359 (citing *Henderson v. United States*, 476 U.S. 321, 329 (1986)) (emphasis in original). When a motion requires a hearing, the speedy trial clock is tolled for "all time between the filing of a motion and the conclusion of a hearing on that motion . . . whether or not the delay was reasonably necessary." *Id.* Assuming that this motion did not require a hearing, the presumptive tolling is for a maximum of thirty days, not seven days. The Court finds that the Magistrate Judge's delay is "reasonably attributable" for a period of at least fourteen days. The Court, therefore, agrees with the government that there was a "prompt disposition" of this motion within the meaning of § 3161(h)(1)(D).

The Court will thus exclude from the speedy trial clock the time in which the government's Motion for Exclusion of Time Under the Speedy Trial Act was pending. It will

also exclude the time in which the current motion was pending, for the same reasons. The first motion was pending before the Magistrate Judge from October 12 to October 25, and the current motion was pending before this Court from October 25 to October 29. Thus, the Court will exclude time due to pending motions between October 12 and October 29. Assuming that no other exclusions apply in this case, the Court will exclude time for a total of eighteen days. Because defendant was arrested on September 17, the government may properly indict defendant until November 4.

The government has time remaining to indict defendant under the Speedy Trial Act, so defendant's rights under the Speedy Trial Act have not been violated.

### III. CONCLUSION

For the reasons stated, it is hereby

ORDERED that the United States's Motion for Entry of an Order Staying and Reversing the Ruling of the Magistrate Court Dismissing Charges [7] is GRANTED; and it is furthermore

ORDERED that the findings and order of the Honorable Magistrate Judge Deborah A. Robinson dismissing the charges in this case and releasing the defendant from custody are REVERSED.

**SO ORDERED.**

Signed by Royce C. Lamberth, Chief Judge, on October 29, 2010.